*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HAGENSON-BAKER, Minors.

UNPUBLISHED
February 21, 2023

No. 360123
Schoolcraft Circuit Court
Family Division
LC No. 20-003323-NA

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the termination of her parental rights to her two children, MHB and EHB, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (*ii*) (failure to rectify other conditions).[1] We affirm.

## I. BACKGROUND

The children were initially removed when respondent, who was in the process of being evicted, left them in the care of her third child's father without food, money, or clothing, knowing that this person did not have the resources to care for the children. Respondent entered a plea of admission, and the court assumed jurisdiction. At the initial disposition, the court adopted a case service plan that required respondent to obtain suitable housing, find employment, participate in mental health services, and refrain from using any substances, including marijuana. Respondent's parenting time was to be supervised. At the first dispositional review hearing, respondent's parenting time was suspended because she had moved from the Upper Peninsula to the Detroit area, and she stopped exercising her parenting time after moving. At the second review hearing, respondent had not made any progress—she had been missed almost all drug screenings, she had taken no steps to reestablish her parenting time, she had not participated in any counseling, and she had not obtained housing or employment. When respondent had still made no progress at the

---

[1] Respondent has a third child, AS, to whom her parental rights were not terminated. The father of MHB and EHB had his parental rights terminated in a previous proceeding, and is not subject to this appeal.

third review hearing, the permanency goal was changed to termination, and the Department of Health and Human Services (DHHS) filed a supplemental petition.

At the termination hearing, the evidence established that respondent had made virtually no progress toward overcoming the barriers to reunification, and the court found that the statutory grounds for termination had been established. However, the court gave respondent one more chance to prevent termination; the court decided that the hearing would continue in 90 days and that respondent's parental rights would be terminated if she did not make significant progress during that time. When the hearing resumed, respondent had found employment and undergone the assessment process for mental health treatment. However, she was living in a motel and had not obtained suitable housing, she had not taken any steps to reestablish parenting time, she missed all of her mental health sessions after the assessment, and she had not seen the children in 15 months. Respondent submitted to 19 drug screens during the period between the two hearing dates—she tested positive for cocaine at one, she tested negative at one, and she tested positive for THC at all the others. In light of this lack of progress, the court terminated respondent's parental rights. This appeal followed.

## II. DISCUSSION

Respondent argues that the trial court violated MCL 333.27955 by terminating her parental rights on the basis of her marijuana usage. We disagree.

Respondent did not argue in the trial court that there was a violation of MCL 333.27955; therefore, this argument is unpreserved. Unpreserved issues are reviewed for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). This standard requires a respondent to "establish that (1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have 'seriously affected the fairness, integrity or public reputation of judicial proceedings.' " *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (quotation marks, citations, and alterations omitted).

The grounds for termination of parental rights are provided in MCL 712A.19b(3), which provides in relevant part:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions,

the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Respondent's parental rights were terminated under MCL 712A.19b(3)(c)(*i*) and (*ii*). The court likewise found that termination of parental rights was in the best interests of the children, as is required under MCL 712A.19b(5).

Respondent does not challenge the court's findings with respect to any particular statutory grounds or best interests. Rather, she argues that the trial court's order terminating her parental rights violated a provision of the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 *et seq*. MCL 333.27955(1) provides generally that the possession and consumption of marijuana by those aged 21 years or older is not unlawful; it is undisputed that respondent's consumption of marijuana was protected by this provision. MCL 333.27955(3) provides:

A person shall not be denied custody of or visitation with a minor for conduct that is permitted by this act, unless the person's behavior is such that it creates an unreasonable danger to the minor that can be clearly articulated and substantiated.

Respondent's parental rights were not terminated because of her marijuana use, but because she failed to address any of the issues that brought her children into care. When respondent's parental rights were terminated, she did not have suitable housing, she had not been attending counseling for her mental health or substance abuse, she had not attended parenting classes, and she had not seen the children in 15 months. It is true that the court was concerned by respondent's marijuana usage, but she also tested positive for cocaine and methamphetamine during the pendency of this case. Indeed, respondent's marijuana usage does not seem to have been a major factor in the court's decision, and the court seemed flexible on this issue. The court at times stated that it did not oppose the use of marijuana in general, that it would allow respondent to use marijuana if presented with evidence that its impact on parenting was at least "neutral," and that it might be able to overlook marijuana usage if respondent demonstrated progress in each of the other areas of need. Because the termination of respondent's parental rights did not arise from her usage of marijuana, it was not barred by MCL 333.27955.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates